UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOYCE KUMASI                                                CIVIL ACTION

VERSUS

UNKNOWN COCHRAN, ET AL.                     NO. 13-00489-BAJ-SCR

RULING AND ORDER

Before the Court is Defendant's **Motion for Reconsideration of Motion for Summary Judgment (Doc. 58)** filed by Lt. Patrick Cochran ("Defendant") pursuant to Federal Rule of Civil Procedure 54, requesting that the Court reconsider its July 17, 2015 Ruling and Order denying Defendant's Motion for Summary Judgment and permitting the substitution of Gideon Danes ("Danes"), the decedent's son, for the original plaintiff, Joyce Kumasi ("Kumasi"), the decedent's mother, in the instant wrongful death and survival action. (*See* Doc. 57). Counsel for Plaintiff opposes the motion. (Doc. 62).

Also before the Court is Plaintiff's **Motion to Substitute Party Plaintiff (Doc. 64)**. In the motion, counsel for Plaintiff represents that Danes reached the legal age of majority on August 17, 2015. (Doc. 64-2 at p. 1). Though Danes preemptively authorized Plaintiff's counsel to represent him and substitute him into the instant lawsuit, at the time Danes was a minor and thus, the authorization was not valid absent the existence of a legal tutor. On August 19, 2015, counsel filed the

requisite documentation to make the substitution asserting that Danes now has the proper authority to make legal decisions on his own behalf. (Doc. 64-2).[1]

Also before the Court is Defendant's alternative **Motion for Continuance (Doc. 59)**, requesting a minimum of thirty days in which to conduct discovery regarding the new plaintiff, Danes, in the event that the Court denies Defendant's Motion for Reconsideration. (Doc. 59 at p. 2). Counsel for Plaintiff opposes the motion on the grounds that the claims of Danes are identical to those of prior Plaintiff, Kumasi. (Doc. 61). Each motion will be considered in turn.

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the United States Court of Appeals for the Fifth Circuit has consistently recognized that such a motion may challenge a judgment or order under Rules 54(b), 59(e), or 60(b) of the Federal Rules of Civil Procedure. *See, e.g., U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (reviewing an appeal of a motion for reconsideration under Rule 59(e)); *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (reviewing an appeal of a motion for reconsideration under Rule 54(b)); *United States v. William*, 124 F.3d 192 (5th Cir. 1997) (reviewing an appeal of a motion for reconsideration under Rule 60(b)).

Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if

---

[1] This motion to substitute was filed to replace a document that was filed on August 18, 2015 using the incorrect paper size. (*See* Docs. 63, 64-5).

2

the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Accordingly, under Rule 54(b), a court retains jurisdiction over all claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued on a claim or on the case as a whole. Further, an interlocutory order denying a summary judgment motion "can be modified or rescinded by the Court, as justice requires, at any time before final decree." *Zimzores v. Veterans Admin. et al.*, 778 F.2d 264, 266 (5th Cir. 1985). Because a final judgment has not been entered in the instant matter, Defendant's Motion for Reconsideration is properly considered under Rule 54(b).

Importantly, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *State of La. v. Spring Communications Co.*, 899 F.Supp. 282, 284 (M.D.La. 1995). "There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *J.M.C. v. Louisiana Bd. of Elementary and Secondary Educ*, 584 F.Supp.2d 894, 896 (M.D.La. Oct. 20, 2008) (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Colo. 1988)). None of these grounds are present here.

Defendant's primary contention is that this Court's ruling was "factually and legally flawed, resulting in an abuse of the Court's discretion." (Doc. 58 at ¶ 6). The Court disagrees. In ruling on Defendant's motion, the Court properly considered all

of the relevant case law, particularly the case of *Giroir v. S. La. Med. Ctr. Div. of Hosps.*, 475 So.2d 1040 (La. 1985). After weighing the *Giroir* factors, the Court found that although "this case presents a close call . . . equity compel[led its] conclusion." (Doc. 57 at p. 10). The instant motion does nothing to refute any of the Court's findings. Defendant cites no new case law in support of his position, nor presents any new evidence warranting a different conclusion. Thus, it is not the Court's conclusion that is erroneous, but rather Defendant's reading of this Court's ruling, which rested on several justifications beyond the scope of the Department of Corrections' legal obligations when an inmate dies in prison. Though the Court will not reiterate all of the grounds here, one of the most relevant considerations was the lack of prejudice suffered by Defendants in substituting in the decedent's son. Again, Defendant has done nothing to refute this assertion in its motion.

Further, the Court is satisfied that the minimal additional delay in waiting until Gideon Danes reaches the age of majority also did not result in any prejudice to Defendant.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Reconsideration of Motion for Summary Judgment (Doc. 58) is DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion for Continuance (Doc. 59) is GRANTED.**

4

IT IS FURTHER ORDERED that Plaintiff's **Motion to Substitute Party Plaintiff (Doc. 64)** is **GRANTED IN FULL**.[2]

IT IS FURTHER ORDERED that the following deadlines are **RESET**:

- The parties shall submit a revised final pretrial order on or before **October 2, 2015**. The information regarding Chief Judge Brian A. Jackson's pretrial order may be found on the court's website at (http://www.lamd.uscourts.gov) under "Judges' Info."

- Motions in limine shall be filed on or before **October 9, 2015**.

- A final pretrial conference will be held in Chambers on **October 13, 2015, at 2:00 p.m.**.

- Proposed voir dire questions, jury charges, jury interrogatories (verdict form) and bench book[3] shall be submitted on or before **October 20, 2015**.

- Jury trial of this matter shall be held on **November 2 – 3, 2015, at 8:30 a.m.** in Courtroom 2 before Chief Judge Brian A. Jackson.

Baton Rouge, Louisiana, this 24th day of August, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] The motion had previously been granted in part to the extent that it sought to withdraw a prior filed document. (*See* Doc. 65).

[3] Counsel are directed to consult Local Civil Rule 79, which recently modified the procedure relating to the submission and custody of exhibits.

5